[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed August 5, 1997
The Plaintiff is a physician licensed by the State of Connecticut Department of Health (DOH).[1] The appeal is directed at the decision of the Connecticut Medical Examining Board (hereinafter "Board") denying his motion to dismiss a DOH investigation of alleged misconduct by Plaintiff in the care and treatment of a patient.
The DOH reviewed a petition pursuant to General Statutes § 20-13e alleging misconduct in the Plaintiff's care and treatment of a patient between September 7, 1989, and November 5, 1990. The petition was received on July 16, 1993. General Statutes § 20-13e(a) states that the DOH is to investigate such a petition and conclude such investigation within eighteen months from the date the petition is filed with the Department. The DOH concluded its investigation on April 15, 1996, when it issued a statement of charges against Plaintiff. The charges allege that Plaintiff engaged in illegal, incompetent or negligent conduct in the practice of medicine in violation of § 20-13c(4).
The charges are heard as a contested case before the Defendant Connecticut Medical Examining Board. If the charges are proven and the Board determines that the Plaintiff poses a threat, in his practice of medicine, to the health, safety or welfare of any person; it may take disciplinary action ranging from a reprimand to license revocation, §§ 20-13c and 19a-17
(a). The Plaintiff would have the right to appeal any adverse decision pursuant to the Uniform Administrative Procedures Act (UAPA) § 4-183 (a).
The Plaintiff moved to dismiss the charges before the Board commenced the hearing. The basis of the Plaintiff's motion to dismiss was the DOH's failure to conclude its investigation within eighteen months of filing of a complaint under §20-13e(a).
The Board orally denied the Plaintiff's motion to dismiss after argument on February 18, 1997. It is from that decision CT Page 8238 that this appeal arises.
Plaintiff's appeal is an interlocutory administrative appeal and is only permissible in accordance with § 4-183 (b) which provides:
 A person may appeal a preliminary, procedural or intermediate agency action or ruling to the Superior Court if (1) it appears that the person will otherwise qualify under this chapter to appeal the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy.
Section 4-183 (b) is an exception to the requirement of exhaustion of administrative remedies before resorting to court.Polymer Resources, Inc. v. Keeney, 227 Conn. 545, 561:
 Subsection (b) of 4-183 is an exception to the well-established rule requiring exhaustion of administrative remedies. See Pet v. Department of Health Services, 207 Conn. 346 (1988). As such, it provides a limited statutory right to appeal, and strict compliance with its provisions is required in order to obtain the court's jurisdiction. . . . In order to maintain the appeal. . . the [plaintiff] must demonstrate that it would be harmed by the disputed preliminary rulings even if it were ultimately to prevail in an appeal of the . . . final decision.
Office of Consumer Counsel v. DPUC, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 527909, 10 CONN. L. RPTR. 509 (December 20, 1993).
Plaintiff argues that the pursuit of the charges after an untimely investigation would be a deprivation of constitutional due process rights. However, our Supreme Court on this issue has indicated: "we continue to limit any judicial bypass of even colorable constitutional claims to instances of demonstrable futility in pursuing an available administrative remedy." Pet v.Department of Health Services, 207 Conn. 346, 356 (1988).
The Plaintiff has the opportunity to contest the charges against him at the administrative hearing. The charges are CT Page 8239 already a matter of public record pursuant to the operation of § 20-13e(a). There is no demonstration that the proceeding before the Board would be futile. The result sought by Plaintiff is similar to the scenario in the Pet case. The Plaintiff physician desires "a finding that he has committed no wrong doing and is capable to practice medicine. This remedy is precisely what the board is empowered to provide." Id., 371.
Plaintiff's claims of damage to professional reputation and litigation costs do not provide the basis of an appeal under § 4-183 (b). These factors exist in every case and cannot establish an "inadequate remedy" under § 4-183b. See Pet v.Department of Health Services, supra, 207 Conn. 373; see alsoFarrell v. State Ethics Commission, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 704092, 9 CONN. L. RPTR. 272 (June 18, 1993).
Plaintiff has an adequate remedy in his administrative hearing before the Board with court review under § 4-183 (j).
Plaintiff essentially claims that the Board has no jurisdiction to hear the case against him because the DOH exceeded the eighteen month time frame of § 20-13e(a). Without resolving the merits of such claim the court has reviewed the Board's thoughtful, reasoned decision, finding that the failure of the DOH to follow the statutory time frame is not jurisdictional. That analysis and conclusion is certainly buttressed by the subsequent Supreme Court decision in Doe v.Statewide Grievance Committee, 240 Conn. 671 (1997). Doe involved the failure of the attorney disciplinary board's failure to follow a statutory investigating timing requirement. This cursory review of the merits undercuts Plaintiff's constitutional claims.
The Board's decision in this case expresses concern for the timeliness of proceedings and the necessity of considering any prejudicial effects of undue delay by DOH. This further evidences the adequacy of the remedy available to Plaintiff.
Plaintiff's appeal is dismissed.
McWEENY, J.